UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CREATIVE CHOICE HOMES XXXI, LLC,
f/k/a Creative Choice Homes XXXI, Inc.,

    Plaintiff,

v.                                      Case No: 8:19-cv-1910-TPB-AAS

MG AFFORDABLE MASTER, LLC,
MG GTC MIDDLE TIER I, LLC,
and MG GTC FUND I, LLC,

    Defendants.
_____/

## ORDER DENYING MOTION FOR LEAVE TO FILE UNDER SEAL

This matter is before the Court on Plaintiff's "Unopposed Motion for Leave to File Under Seal" (Doc. 111). Plaintiff argues that the information it seeks to submit under seal in opposition to Defendants' summary judgment motion involves Defendants' ownership and organizational structure and/or unspecified financial information designated by the parties as confidential under the protective order entered by the Court. (Doc. 94).

Because the public has a presumptive right of access to information filed in connection with non-discovery motions, sealing such information is disfavored. *See, e.g.*, *Verma v. Mem. Healthcare Group, Inc.,* No. 3:16-cv-427-J-25JRK, 2017 WL 8315889, at *1 (M.D. Fla. May 2, 2017); *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No 3:10-cv-891-J-JBT, 2010 WL 6790538, at *1 (M.D. Fla. Oct. 28,

2010).  Local Rule 1.11(a) accordingly limits a party's ability to file information under seal to "compelling" circumstances:

> Because constitutional law and common law afford the public a qualified right of access to an item filed in connection with the adjudication of a claim or defense, sealing is unavailable absent a compelling justification.  Sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation.

Under the Local Rule, the fact that documents have been designated as confidential under a protective order is insufficient, without more, to demonstrate good cause to seal documents submitted in connection with a motion for summary judgment.  *Regions Bank v. Kaplan*, No 8:16-cv-2867-T-23AAS, 2018 WL 7982868, at *1 (M.D. Fla. Jan. 10, 2018).  The motion provides no specific information showing good cause to override the public's right of access to judicial proceedings.  *See Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (listing factors courts consider in assessing whether good cause has been shown).  Conclusory assertions about the information or the harm that could occur upon disclosure are insufficient.  *Id.* at 1247.  Instead, "[t]he party opposing disclosure must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." *In re: Photochromic Lens Antitrust Litig.*, 8:10-MD-2173-T27EAJ, 2011 WL 13141945, at *1 (M.D. Fla. June 9, 2011) (internal quotation omitted).  Plaintiff's motion to seal is therefore denied without prejudice.

It is therefore

        **ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff's "Unopposed Motion for Leave to File Under Seal" (Doc. 111) is **DENIED WITHOUT PREJUDICE**.

(2) Plaintiff is **DIRECTED** to file an unredacted copy of its summary judgment response and supporting materials on or before September 20, 2021, unless before that date Plaintiff or Defendants file a motion demonstrating good cause for sealing the materials under the standards set forth above.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of September, 2021.

*/s/ Tom Barber*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**