UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CREATIVE CHOICE HOMES XXXI, LLC,
f/k/a Creative Choice Homes XXXI, Inc.,

    Plaintiff,

v.                                            Case No: 8:19-cv-1910-TPB-AAS

MG AFFORDABLE MASTER, LLC,
MG GTC MIDDLE TIER I, LLC,
and MG GTC FUND I, LLC,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on the "Motion for Summary Judgment by Defendants, MG Affordable Master, LLC, MG GTC Middle Tier I, LLC and MG GTC Fund I, LLC," filed on July 21, 2021. (Doc. 108). Plaintiff filed a response in opposition on August 11, 2021. (Doc. 113). Defendants filed a reply on August 25, 2021. (Doc. 115). The Court held a hearing on the motion on October 28, 2021. Based on the motion, response, reply, argument of counsel, court file, and record, the Court finds as follows:

### Background

Plaintiff Creative Choice Homes XXXI, LLC (the "General Partner") is the general partner of a limited partnership (the "Partnership"). Defendants/counterclaimants MG Affordable Master, LLC, MG GTC Middle Tier I, LLC and MG GTC Fund I, LLC (collectively the "Limited Partners") are limited

partners. The parties' relationship is governed by a partnership agreement (the "Agreement") dated January 1, 2007. The purpose of the Partnership is to construct and operate a commercial apartment complex known as Park Terrace Apartments (the "Project"), which offers low-income housing. The Partnership generates tax losses and credits for the Limited Partners. At the end of a 15-year period, known as the "compliance period," the General Partner could exercise an option to acquire the Project or the interests of the Limited Partners. The Agreement provided that the Special Limited Partner, Defendant MG Affordable Master, LLC, could remove the General Partner for "Material Defaults," defined to include:

> (i) a breach by any General Partner in the performance of any of its obligations under this Agreement . . . and which has, or may reasonably be expected to have, a material adverse effect on the Partnership, the Apartment Complex, or the Investor Limited Partner
> . . . .
> (iv) gross negligence, fraud, willful misconduct, misappropriation of partnership funds, or a breach of fiduciary duty by a General Partner . . .

(Doc. 108-3, Agreement § 12.7(B)(i), (vi)). Material Defaults under § 12.7(B)(i) were subject to a right to cure following notice of the default.

In May 2019, the Limited Partners notified the General Partner of actions by the General partner they contended constituted defaults under the Agreement. The defaults included making cash distributions in an improper order and making loans to an affiliated entity. The Limited Partners assert that, to the extent the defaults were curable, the General Partner failed to cure them within the allowed time and failed to provide payment sufficient to cure all defaults. The Limited Partners then

notified the General Partner that it was removed as general partner based on the defaults, which the Limited Partners argue also amounted to fraud, misappropriation, and willful misconduct.

The General Partner refused to surrender its position and filed suit seeking a declaratory judgment that the Limited Partners are not entitled to remove it as general partner (Count I) and asserting a claim for injunctive relief and damages for breach of the Agreement (Count II). The Limited Partners answered and counterclaimed, asserting claims for breach of the Agreement (Count I), breach of fiduciary duty (Count II), and declaratory judgment (Count III). The Limited Partners have moved for summary judgment on the General Partner's complaint and on Counts I and II of their Partners' counterclaim.

## **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is not defeated by the existence of a factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Only the existence of a genuine issue of material fact will preclude summary judgment. *Id.*

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of

genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations and evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation, Florida*, 344 F.3d 1161, 1164 (11th Cir. 2003).

Where the moving party will bear the burden of proof at trial, demonstrating the absence of a genuine issue of material fact requires the submission of credible evidence that, if not controverted at trial, would entitle the moving party to a directed verdict. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Only if the moving party meets that burden is the non-moving party required to produce evidence in opposition. *Chanel, Inc. v. Italian Activewear of Fla. Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991). Summary judgment should be denied unless, on the record evidence presented, a reasonable finder of fact could not return a verdict for the non-moving party. *Id.*; *see also Fitzpatrick*, 2 F.3d at 1115-16.

## Analysis

The Limited Partners seek summary judgment removing the General Partner. They contend that the General Partner made cash distributions inconsistent with the order of priority required under the Agreement. They also argue the General Partner made unauthorized loans of partnership funds to its affiliates, in violation of the Agreement's prohibitions on loaning partnership funds or paying salary, fees, or other compensation to affiliates without consent of the Special Limited Partner. The Limited Partners point to audited financial

statements for the Partnership showing a balance due from an affiliate of $81,196 as of the end of 2016 and a balance due on a note receivable from an affiliate of $100,000 as of the end 2017. They assert the General Partner's actions present grounds for removal under § 12.7 of the Agreement because they were breaches of its obligations which "[have] or may reasonably be expected to have, a material adverse effect on the Partnership, the Apartment Complex, or the Investor Limited Partner," and constituted "gross negligence, fraud, willful misconduct, misappropriation of partnership funds, or a breach of fiduciary duty." (Doc. 108-3, Agreement, § 12.7(B)(i), (vi)).

The General Partner does not deny that defaults occurred but refers to them as "technical" violations, rejecting the Limited Partners' characterization of them as fraud, misappropriation, and willful misconduct. It argues that factual issues remain as to the materiality of the defaults, the intent with which the General Partner acted, and whether its removal as general partner would result in an inequitable forfeiture. Because the basic facts are undisputed and the General Partner does not deny that the defaults occurred, the Court will address in turn the issues the General Partner argues preclude summary judgment.

### *Materiality*

The Limited Partners' summary judgment motion relies in part on the removal provision in § 12.7(B)(i), which allows removal for breaches of the Agreement that have or may reasonably be expected to have a material adverse effect on the Partnership. The General Partner contends that the defaults were *de*

*minimis* compared to the overall scope of the Project and the tax benefits provided to the Limited Partners. It also points out that the Limited Partners did not address the materiality limitation in their motion for summary judgment.

The Limited Partners reply that the limitation does not apply because the General Partner's actions were outside the General Partner's authority and as such were not "breach[es] . . .in the performance of any of its obligations under [the] Agreement." The Court rejects this reading as overly narrow given the broad authority and scope of action given to the General Partner under the Agreement. To the extent the Limited Partners rely on the removal provision in § 12.7(B)(i), materiality is therefore a relevant issue. The Limited Partners correctly note that there is no express materiality requirement in §12.7(B)(vi), which provides for removal for fraud, willful misconduct, misappropriation, and breach of fiduciary duty.[1] But whether the General Partner's conduct had a material effect could still bear on the General Partner's intent and on whether its removal would result in an inequitable forfeiture, issues which are discussed below.

While the Agreement contains no definition of a "material adverse effect," the Eleventh Circuit in *Ron Matusalem & Matusa of Fla., Inc. v. Ron Matusalem, Inc.*, 872 F.2d 1547 (11th Cir. 1989), explained the type of fact-intensive inquiry required to determine if a breach is "material" under contract law:

> It is an established principle of contract law that an injured party may terminate a contract for breach only if the breach is material." *Hensley v. E.R. Carpenter Co.,* 633 F.2d 1106, 1109-10 (5th Cir. 1980). Whether

---

[1] The Court rejects the General Partner's argument that application of § 12.7(B)(vi) of the Agreement would impermissibly inject tort theories into a contract case and is therefore precluded by the economic loss rule.

> a breach is material is an issue of fact, *id.*, and "the general inquiry is whether the injured party has received substantially what he bargained for." *Ferrell v. Secretary of Defense,* 662 F.2d 1179, 1181 (5th Cir. 1981). Courts should also look to factors such as the extent to which the injured party can be compensated for the benefit of which he was deprived, the extent to which the party failing to perform will suffer forfeiture due to the contract's termination, and the extent to which the behavior of the party failing to perform comports with standards of good faith and fair dealing. Restatement (Second) of Contracts § 241 (1981). In addition, courts should "encourage the parties to keep the deal together by allowing the injured party to terminate the contract only after an appropriate length of time has passed." Farnsworth, *Contracts* § 8.15 (1982).

*Id.* at 1551.[2] The Limited Partners' cited authorities acknowledge that the materiality of a contractual breach ordinarily presents a question of fact. *See Morton of Chicago/Miami, LLC v. 1200 Castle 100-A, Inc.*, No. 13-23366-CIV-GRAHAM/SIMONTON, 2014 WL 11944280, at *4 (S.D. Fla. Apr. 10, 2014). Similarly, the Court concludes that whether the breaches caused or were likely to cause a "material adverse effect on the Partnership, the Apartment Complex, or the Investor Limited Partner" presents a question of fact to be determined after trial.

### *Intent*

The Limited Partners' motion accuses the General Partner of fraud, misappropriation, willful misconduct, and breach of fiduciary duty, grounds for removal under §12.7(B)(vi) of the Agreement which require intentional wrongdoing. The Limited Partners argue that the General Partner engaged in willful misconduct

---

[2] The Florida Standard Jury Instructions define a material breach as breach of a prohibition that is "essential to the contract." Fla. Std. Jury Instr. (Contract & Business Cases) 416.4; *Marchisio v. Carrington Mortgage Services, LLC*, 919 F.3d 1288, 1313 (11th Cir. 2019) ("To constitute a vital or material breach, a defendant's non-performance must be such as to go to the essence of the contract.") (internal quotation omitted).

and misappropriation because, as a partner to the Agreement, "the General Partner was aware that it was not supposed to take and loan funds from the Partnership." The Limited Partners also point to a $100,000 note executed by Naimisha Construction, an affiliate of the General Partner, reflected in the Partnership's audited financial statements for 2017. The Limited Partners contend that the note is evidence of fraud because no money was actually paid to Naimisha, the individual who signed the note did not read it but simply executed the last page on the instructions of another Naimisha Construction principal, Naimisha Construction was not even aware of its obligations under the note, and the note was signed in August 2018 but backdated to October 2017.

The General Partner responds that affiliate loans have existed from the outset of the Partnership and were always fully disclosed and paid down. It argues that the creation of the $100,000 note was not fraudulent but was done to comply with requirements of the Limited Partners and the Partnership's auditors as to how the amounts due from affiliates should be treated as an accounting matter.

A party's intent is a question of fact that is generally ill-suited to summary judgment. *McGee v. Sentinel Offender Services, LLC*, 719 F.3d 1236, 1243 (11th Cir. 2013) (holding that summary judgment is particularly inappropriate where the underlying issue "is one of motivation, intent, or some other subjective fact") (internal quotation omitted); *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1476 (11th Cir. 1991) ("As a general rule, a party's state of mind (such as knowledge or intent) is a question of fact for the factfinder, to be determined after

trial."). Accordingly, the General Partner's intent presents an issue of fact to be determined after trial.

### *Windfall and Forfeiture*

Finally, the General Partner opposes summary judgment on the ground that that its removal as general partner would be inequitable and would work a forfeiture. It contends that the out-of-order cash distributions were corrected by a check to the trust account of the Limited Partners' counsel in the amount of $141,235 in June 2019. As noted above, it argues that affiliate advances have taken place since the outset of the Partnership, have always been fully disclosed and paid down, and that as of the end of 2019, no amounts remained due from affiliates. It argues that the funds involved in the defaults amount to less than 1% of the cumulative benefits conferred on the Limited Partners over the span of the Partnership.

In addition, countering the Limited Partners' position that the General Partner repeatedly stole from the Partnership, the General Partner contends that the Limited Partners are merely seizing on "technical" defaults as a pretext to oust the General Partner. By doing so, it argues, the Limited Partners seek to appropriate for themselves the economic benefit that the General Partner anticipated receiving by exercising its purchase following the end of the compliance period. The General Partner contends that its removal after fifteen years of generating tax benefits for the Limited Partners would result in a windfall to the

Limited Partners and a forfeiture by the General Partner of over $6 million in equity.

The Limited Partners' request to remove the General Partner seeks equitable relief.[3] Equitable relief may be denied when it would result in injustice or an unconscionable or extreme forfeiture. *See, e.g.*, *Kruse v. Mass. Mut. Life Ins. Co.*, 17-cv-61115-BLOOM/Valle, 2017 WL 3494334, at *7 (S.D. Fla. Aug. 15, 2017); *Deman Data Sys., LLC v. Schessel*, 8:12-cv-2580-T-24 EAJ, 2014 WL 6751195, at *20 (M.D. Fla. Dec. 1, 2014), *amended on reconsideration on other grounds*, 2015 WL 58650 (M.D. Fla. Jan. 5, 2015); *Torres v. K-Site 500 Associates*, 632 So. 2d 110, 112 (Fla. 3d DCA 1994). Whether justice requires removal of the General Partner and whether it would result in an inequitable forfeiture present issues of fact that must be determined after trial on a fully developed record.

For the foregoing reasons, the Limited Partners' motion for summary judgment is denied. The record presents issues of fact on the materiality of the breaches, the General Partner's intent, and whether removing the General Partner would give rise to an inequitable forfeiture.

---

[3] Specific performance, requested by the Limited Partners in their count for breach of the Agreement, is an equitable remedy. *See, e.g., Ford v. Citizens & So. Nat'l Bank, Cartersville*, 928 F.2d 1118, 1122 (11th Cir. 1991). Claims for declaratory judgment can be either legal or equitable depending on the nature of the underlying issues. *Gulf Life Ins. Co. v. Arnold*, 809 F.2d 1520, 1523 (11th Cir. 1987). The removal of a partner, which is the subject of the Limited Partners' request for declaratory judgment, is an equitable matter. *See Alliant Tax Credit Fund XVI, Ltd. v. Thomasville Cmty. Hous., LLC*, 1:11-CV-2234-JEC, 2013 WL 321548, at *7 (N.D. Ga. Jan. 28, 2013) ("Plaintiffs seek only a declaration and specific performance of their right to remove defendants as General Partners . . . Both claims are equitable in nature."); *Jetha v. BH & RMC, LLC,* No. 8:08-cv-402-T-24TBM, 2008 WL 1897593, at *1 (M.D. Fla. Apr. 28, 2008) (describing the removal of a general partner as equitable relief).

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

The "Motion for Summary Judgment by Defendants, MG Affordable Master, LLC, MG GTC Middle Tier I, LLC and MG GTC Fund I, LLC" (Doc. 108) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 8th day of November, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**